Dominic G. Flamiano (SBN 142445)
NORCAL LOGISTICS LAWYERS GROUP, P.C.
 2575 Collier Canyon Road
Livermore, CA  94551
Telephone:  (415) 710-6765
Facsimile:`  (925) 293-0226
Email:  dominic@domflamlaw.com

Attorney for Plaintiffs
GARNICAS TRANSPORT LLC,
SAMUEL GAMERO

## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| GARNICAS TRANSPORT LLC, SAMUEL GAMERO,<br><br>                  PLAINTIFFS,<br>v.<br><br>COMMERCIAL ALLIANCE INSURANCE COMPANY, and Does 1 to 10,<br><br>               DEFENDANTS. | DOCKET NO.<br><br>COMPLAINT FOR DAMAGES<br><br>• BREACH OF INSURANCE CONTRACT<br>• BAD FAITH BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING<br>• UNFAIR AND DECEPTIVE PRACTICES UNDER THE LANHAM ACT §43(a)(1)(B)<br>• VIOLATION OF FALSE ADVERTISING LAW [Bus. & P. C. §17500 *et seq.*]<br><br>Federal Question (49 U.S.C. §1390; MCS-90)<br><br>JURY TRIAL DEMANDED |

GARNICAS TRANSPORT LLC ("Garnicas") and SAMUEL GAMERO ("Gamero")(collectively

"Plaintiffs"), by and through their counsel of record, undersigned, hereby allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Garnicas is a motor carrier, engaged in the interstate hauling of cargo for hire

with operations involving yards housing power units and trailers in Tulare and San Diego,

California and vehicles traversing the Mexican and American border and throughout the West.

2. Plaintiff Gamero is a principal of Garnicas and conducts business in Tulare County, California as a commercial motor carrier hauling goods for hire on an intestate basis.

3. Defendant Commercial Alliance Insurance Company ("CAIC") (NAIC No. 10906) operates as a commercial auto liability insurer and, upon information and belief, has its principal operational offices in Houston, Texas.

4. On March 13, 2019, Garnicas applied with CAIC for a policy of commercial auto liability insurance. The policy was intended to cover Garnicas' operations which included picking up Tesla vehicles from Mexico and transporting them into California and on to Nevada. That application was on a form with the heading "Commercial Alliance Insurance Company, 1137 Key Street, HOUSTON, TX 77009".

5. Such insurance is required by the Federal Motor Carrier Safety Administration (FMCSA); motor carriers hauling cargo for hire on an interstate basis must have at least $750,000 in liability limits to receive authority to operate as a motor carrier. 49 C.F.R. Part 387 – Minimum Levels of Financial Responsibility for Motor Carriers.

6. Commercial Alliance Insurance Company ("CAIC") issued a policy of commercial auto liability insurance to Garnicas, policy number NHC0000843, effective from April 4, 2019 to April 4, 2020. A true and correct copy of one page from that policy document, containing the basic grant of coverage, is attached as Exhibit A ("Exh. A"). The policy cover page lists the insurer as Commercial Alliance Insurance Company. That policy had the federally mandated MCS-90 endorsement which required the insurer to indemnify Garnicas for any judgment based on a claim arising from the operation of its motor carrier business regardless of whether the vehicle involved was covered or not. The express Legislative Intent was regulation of interstate commerce, specifically, the safety of motor carriers hauling goods for hire over public highways

-2-

and byways shared with the motoring public.  A true and correct copy of the binder of the policy scheduling the 2010 Volvo VIN xx88388, attaching the MCS-90 to Policy NHC0000843, is attached as Exhibit B.

7.  On July 3, 2019, Garnicas was involved in a fatal accident on US6 approximately 4.24 miles east of the Nevada/California border line in Mineral County, Nevada.  Garnicas was operating a vehicle scheduled on CAIC Policy NHC0000843, a 2010 Volvo Truck, VIN 4V4NC9TG5AN288388, driven by Jesus Estaban Valdez Apodaca, a driver for Garnicas.  Dario Baez was the driver of the other vehicle, also a commercial vehicle, operated by Panella Trucking.

### The Wrongful Death Suit in Tulare County

8.  Dario Baez' estate and successors in interest have filed suit against Garnicas in a suit entitled _Rose Delia Reyes de Baez, et al. v. Samuel Garnica (sic), et al._, Tulare County Superior Court Case No. VCU286692, filed April 22, 2021 (wrongful death suit).

### The Workers Comp Subrogation Suit in San Diego County

9.  The worker's compensation insurer for Panella Trucking has filed a subrogation suit against Gamero and Garnicas in a suit entitled _Insurance Company of the West v. Jesus Estaban Valdez Apodaca, et al._, San Diego Superior Court Case No. 37-2021-00022679-CU-PO-CTL, filed May 21, 2021 (subrogation suit).

### The Wrongful Denial by CAIC

10.     On September 30, 2019 Custard Insurance Adjusters, Inc. sent a letter to Garnicas Transport LLC denying any coverage under Policy Number NHC0000843 for the July 3, 2019 accident due to a 'radius exclusion.'  A true and correct copy of this denial is attached as Exhibit C.  This wrongful denial violates the duty to defend of a liability insurer, which owes a duty to defend any claim raising a potential of coverage until and unless the insurer obtains a court

adjudication of the absence of coverage.  In addition, by completely abandoning its insured,

CAIC is forcing its insured to undertake its own defense even though it paid for liability insurance

to relieve that burden.  Finally, any judgment obtained against Garnicas for the July 3, 2019

accident is covered by the duty of CAIC to indemnify Garnicas against any judgment up to policy

limits, here one million dollars, under the federally mandated MCS-90 endorsement, which was

a part of the policy issued by CAIC to GARNICAS.

**JURISDICTION AND VENUE**

11.    Garnicas is a federally authorized motor carrier conducting an interstate hauling of

goods for hire business operating out of Tulare, California. Upon information and belief CAIC is

an insurance company with its principal place of business, under the nerve center test, in

Houston, Texas.   This controversy exceeds $100,000 in value where the underlying accident

involves a fatality and the liability limits are $1,000,000.00 per claim.

12.    CAIC asserts that a policy exclusion applies to preclude coverage.  The policy is a

commercial auto liability policy designed to comply with federal regulations found at 49 C.F.R.

§§387.7 to 387.15, enabling authority at 49 U.S. Code Chapter 311 – Commercial Motor Vehicle

Safety. Where the commercial auto liability policy expressly schedules the subject vehicle and

the denial is based on a policy exclusion, the federally mandated MCS-90 endorsement, which is

a part of the policy at issue here, applies requiring CAIC to indemnify Garnicas for any judgment

arising from the July 3, 2019 accident. This court has federal question jurisdiction.

/ / /

/ / /

/ / /

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

**(Against Commercial Alliance Insurance Company and Does 1 to 10)**

13.  Garnicas incorporates by reference each of the allegations set forth above as if set forth in full here.

14.  The CAIC insuring agreement for liability coverage states, in pertinent part, as follows:

**SECTION II – LIABILITY COVERAGE**

**A.  COVERAGE**

> We will pay all sums an **Insured** legally must pay as damages because of **bodily** injury or **property damage** to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered **auto.**
> We have the right and duty to defend any suit asking for these damages. However, we have no duty to defend suits for **bodily** Injury or **property damage** not covered by this insurance. We may investigate a settle any claim or **suit** as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements. We have no duty to defend if we are not notified of a suit by the insured.
>
> 1. WHO IS AN **INSURED**
>
> The following are **Insureds:**
>
> a.  You, your employees and any other person while using with your permission the covered auto scheduled in **ITEM TWO** of the Declarations, except the owner from whom you lease a covered auto.
>
> \* \* \* \*

15.  Upon information and belief, Garnicas alleges that NH Seguros acted as managing general agent (MGA) for the insurer CAIC.  CAIC, through NH Seguros, issued a binder to

DOMINIC G. FLAMIANO
Attorney at Law
Livermore, CA

-5-

Garnicas for Policy Number NHC0000843 identifying the 2010 Volvo VIN xx88388 and attaching a Form MCS-90. (See Exh. B, binder). That binder had logos for CAIC and NH Seguros and expressly named Commercial Alliance Insurance Company.

16.     Upon information and belief, NH Seguros, apparently as MGA for CAIC, issued to Garnicas policy language, which appears to be in general form, not identifying policy number, named insured, scheduled vehicles or scheduled drivers.

17.     Garnicas has performed all policy conditions except those that have been excused by CAIC's breach of contract.

18.     The allegations in the _Insurance Company of the West_ subrogation suit and the _Baez_ wrongful death suit give rise to a potential for coverage under the CAIC policy with Garnicas, thereby invoking CAIC's duty to provide a complete, competent and conflict-free legal defense of these two lawsuits by experienced defense counsel until those claims are resolved by settlement.

19.     CAIC has breached its duty to defend Garnicas by refusing to accept tender of the defense of the _Insurance Company of the West_ subrogation suit and the _Baez_ wrongful death suit. As a proximate result of this breath, Garnicas has suffered damages.

20.     Wherefore, GARNICAS prays for judgment against defendant, and each of them, as more fully set forth below.

### SECOND CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

**(Against CAIC and Does 1 through 10)**

21.     Garnicas incorporates by reference each of the allegations set forth above as if fully stated here.

DOMINIC G. FLAMIANO
ATTORNEY AT LAW
LIVERMORE, CA

22.     Implied in the CAIC Policy is a covenant that CAIC will act in good faith and fair dealing and not unfairly deprive the insured GARNICAS of the benefits of the commercial auto liability insurance it purchased, including the defense of any and all claims, be they false or fraudulent, until it is conclusively proven in a court of competent jurisdiction that such claims are definitively not covered by the policy.  That implied covenant of good faith and fair dealing includes the reasonable expectation that CAIC will do nothing to interfere with the insured's right to receive the bargained for benefits of the insurance contract and that CAIC will never put its interests ahead of the interests of its insured.

23.     On information and belief GARNICAS alleges that CAIC has breached the implied covenant of good faith and fair dealing by, *inter alia*:

    a.  False and deceptive business practices associated with the application,

    b.  binding and issuance of contract forms for commercial auto liability insurance, including use of non-standard forms;

    c.  use of multiple languages;

    d.  failure to disclose effect of radius exclusion;

    e.   failure to take into account and consideration the disclosed business needs of the insured, including hauling Tesla vehicles from Mexico, across the border into the United States of America and into California and Nevada;

    f.  sale of insurance product that did not cover the disclosed needs of the insured;

    g.  taking policy premium, and then denying any coverage, including defense;

    h.  wrongful denial of coverage for the claims arising from the July 3,2019 accident.

DOMINIC G. FLAMIANO
ATTORNEY AT LAW
LIVERMORE, CA

24.     On information and belief, GARNICAS alleges that CAIC possessed both actual and constructive knowledge of the wrongfulness of its acts and omissions, as alleged herein, contemporaneous with each such act and omission.

25.     On information and belief, GARNICAS alleges that CAIC's acts and omissions, as alleged herein, constitute a consciously undertaken pattern of malicious conduct by CAIC that is intentionally contrived to wrongfully deprive its insureds of the benefits of their insurance coverage and to mislead those insureds into believing that the wrongful denial is justified.

26.     On information and belief, GARNICAS alleges that CAIC's course of action is financially motivated so as to directly benefit CAIC to the corresponding detriment of its insured GARNICAS whose benefit of the bargain of the contract CAIC has been wrongfully and in bad faith frustrated and denied.

27.     As a direct and proximate result of CAIC's breach of the implied covenant of good faith and fair dealing, GARNICAS is suffering and has suffered damages including, but not limited to, its having to defend without any liability insurance defense coverage the wrongful death and subrogation actions arising from the July 3, 2019 accident.

28.     GARNICAS is further entitled to all direct, indirect, consequential, incidental, special, compensatory, and other damages resulting from CAIC's conduct alleged herein, including without limitation an award for its attorneys' fees as additional damages arising from the tortious conduct of CAIC.

29.     Wherefore, GARNICAS prays for judgment against defendant, and each of them, as more fully set forth below.

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**(False and Deceptive Advertising under the Lanham Act)**

**(Against CAIC and Does 1 through 10)**

30.     Garnicas incorporates by reference each of the allegations set forth above as if fully stated here.

31.     GARNICAS sought commercial auto liability insurance from CAIC and CAIC offered such a service and product.  The terms under which CAIC offered were false and deceptive. GARNICAS disclosed his entire fleet and drivers and informed CAIC he was involved in hauling various products across the Mexican/American border and needed liability coverage on the northern side.  At no time did GARNICAS understand that the radius limitations would have the effect of excluding a large portion of his operations from coverage, nor did CAIC disclose this material and fatal fact.  GARNICAS would not have purchased from CAIC had he known of this outrageous and commercially unreasonable 'radius of operations' limitation.  For example, the radius of operations for the vehicle involved in the July 3, 2019 accident was only 250 miles. That would not cover a trip from San Diego (the US port closest to cargo pick up in Tijuana, Republic of Mexico) to Tulare, Garnicas' main yard, which is approximately 300 miles.  Garnicas would not have paid for insurance which does not even cover the basic trip for cargo from Mexico to his main yard location had this gapping lacunae been disclosed by CAIC, which had an affirmative duty to disclose.  CAIC failed to disclose this limitation of coverage and advise the insured to properly obtain coverage designed to cover his basic commercial operations.

32.     GARNICAS was, at all times material to this Complaint, a federally authorized motor carrier engaged in interstate commerce of hauling goods for hire. CAIC's unfair, false and deceptive advertising as to its commercial auto liability policy and its scope of coverage and the

–9–

misrepresentations made by CAIC, and its agents, to GARNICAS have harmed GARNICAS in its competitive and commercial interests.

33.    The manner, method and statements of CAIC in its request for quote, quoting, binding, application and policy placement are false and deceptive and made with the intent for CAIC to profit from the confusion of GARNICAS who believed it had sufficient coverage when in fact, according to CAIC, it did not.

34.    The language of the Policy, which includes not only the policy but also the application and other formation documents, consisting of the headings, logos, and indications of CAIC and its apparent managing general agent, NH Seguros, creates avoidable confusion which prevents a reasonable insured from even knowing who issued the policy.  For example, Custard's September 30, 2019 denial of claim states the policy is issued by NH Seguros.  Yet, the binder issued to GARNICAS for the commercial auto liability insurance policy incepting on April 16, 2019 had logos for both NH Seguros and CAIC and expressly stated Commercial Alliance Insurance Company, underwritten by Green Road Insurance Services.  In addition, the actual policy language is on a form entitled NH Seguros instead of CAIC.

35.    The policy language regarding 'radius of operations' upon which basis the July 3, 2019 claim was denied, is confusing, ambiguous, deceptive and contradictory.  CAIC issued a binder to GARNICAS regarding commercial auto liability policy NHC000843 which identified the 2010 Volvo VIN xx88388 as the insured vehicle and attached an MCS-90 endorsement.  (See binder and MCS-90 Endorsement at Exh. B).  In that Binder under item 4 "Description of Exposure" the "Radius of Operations from Port of Entry" is 0 – 250 miles and lists Ports of Entry as being in "California & Arizona, All Ports."  By stark contrast, the actual policy language, including the insuring grant of coverage and policy terms, conditions, definitions and exclusions,

was issued in a separate document by CAIC's agent, NH Seguros, with no insured specific

language and that document defines radius as measured from either the insured's primary

business, the location where the vehicle is principally garaged, from terminals leased, owned or

rented by the insured, or, if the auto is coming from Mexico, the port of entry used in the United

States. This contradiction and ambiguity created confusion to the insured, a commercial motor

carrier, as to whether the policy would cover its operations. Garnicas was informed by CAIC that

the policy would provide the coverage it needed. That was false.

36.     The limitations as to radius are unreasonable; GARNICAS told CAIC, and its agents,

including MGA NH Seguros, that it hauled Teslas from Mexico across the United States' border

into California and Nevada and needed commercial auto liability coverage sufficient to fully

cover its operations on a commercially reasonable basis.

37.     CAIC 's denial of the tender of the defense of the wrongful death and subrogation

suits has caused damage to GARNICAS.

38.     The damage suffered by GARNICAS by CAIC's wrongful denial is traceable to CAIC's

conduct and will be redressed by an order that CAIC retain defense counsel and settle these

matters within its already existing MCS-90 endorsement judgment indemnification obligation of

$1,000,000.00 per claim.

39.     Wherefore, GARNICAS prays for judgment against defendants, and each of them, as

more fully set forth below.

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**(False and Deceptive Advertising)**

**(False Advertising Law, Bus. & Prof. Code §17500 *et seq.*)**

**(Against CAIC and Does 1 through 10)**

40.     Garnicas incorporates by reference each of the allegations set forth above as if fully stated here.

41.     GARNICAS sought commercial auto liability insurance from CAIC and CAIC offered such a service and product.  The terms under which CAIC offered were false and deceptive. GARNICAS disclosed his entire fleet and drivers and informed CAIC he was involved in hauling various products across the Mexican/American border and needed liability coverage on the northern side.  At no time did GARNICAS understand that the radius limitations would have the effect of excluding a large portion of his operations from coverage, nor did CAIC disclose this material and fatal fact.  GARNICAS would not have purchased from CAIC had he known of this outrageous and commercially unreasonable 'radius of operations' limitation.  For example, the radius of operations for the vehicle involved in the July 3, 2019 accident was only 250 miles. That would not cover a trip from San Diego (the US port closest to cargo pick up in Tijuana, Republic of Mexico) to Tulare, Garnicas' main yard, which is approximately 300 miles.  Garnicas would not have paid for insurance which does not even cover the basic trip for cargo from Mexico to his main yard location had this gapping lacunae been disclosed by CAIC, which had an affirmative duty to disclose.  CAIC failed to disclose this limitation of coverage and advise the insured to properly obtain coverage designed to cover his basic commercial operations.

42.     GARNICAS was, at all times material to this Complaint, a federally authorized motor carrier engaged in interstate commerce of hauling goods for hire. CAIC's unfair, false and

DOMINIC G. FLAMIANO
ATTORNEY AT LAW
LIVERMORE, CA

deceptive advertising as to its commercial auto liability policy and its scope of coverage and the misrepresentations made by CAIC, and its agents, to GARNICAS have harmed GARNICAS in its competitive and commercial interests.

43.     The manner, method and statements of CAIC in its request for quote, quoting, binding, application and policy placement are false and deceptive advertising and made with the intent for CAIC to profit from the confusion of GARNICAS who believed it had sufficient coverage when in fact, according to CAIC, it did not.

44.     The language of the Policy, which includes not only the policy but also the application and other formation documents, consisting of the headings, logos, and indications of CAIC and its apparent managing general agent, NH Seguros, creates avoidable confusion which prevents a reasonable insured from even knowing who issued the policy.  For example, Custard's July 19, 2019 denial of claim states the policy is issued by NH Seguros.   Yet, the binder issued to GARNICAS for the commercial auto liability insurance policy incepting on April 16, 2019 had logos for both NH Seguros and CAIC and expressly stated Commercial Alliance Insurance Company, underwritten by Green Road Insurance Services.  In addition, the actual policy language is on a form entitled NH Seguros instead of CAIC.

45.     The policy language regarding 'radius of operations', upon which basis the July 3, 2019 claim was denied, is confusing, ambiguous, deceptive and contradictory.  CAIC issued a binder to GARNICAS regarding commercial auto liability policy NHC000843 which identified the 2010 Volvo VIN xx88388 as the insured vehicle and attached an MCS-90 endorsement.  (See Exh. B). In that Binder under item 4 "Description of Exposure" the "Radius of Operations from Port of Entry" is 0 – 250 miles and lists Ports of Entry as being in "California & Arizona, All Ports."  By stark contrast, the actual policy language, including the insuring grant of coverage and policy

-13-

terms, conditions, definitions and exclusions, was issued in a separate document by CAIC's

agent, NH Seguros, with no insured specific language and that document defines radius as

measured from either the insured's primary business, the location where the vehicle is

principally garaged, from terminals leased, owned or rented by the insured, or, if the auto is

coming from Mexico, the port of entry used in the United States.  This contradiction and

ambiguity created confusion to the insured, Garnicas, a commercial motor carrier intending to

obtain federally mandated commercial auto liability insurance which would cover his

operations, and the nature of which operations he disclosed to CAIC.  Garnicas reasonably relied

upon CAIC, and its agents, as insurance professionals, in order to obtain sufficient insurance to

cover claims such as the July 3, 2019 accident, which has been denied on a technicality, and in

bad faith.

46.     The limitations as to radius are unreasonable, GARNICAS told CAIC, and its agents,

including MGA NH Seguros, that it hauled Teslas from Mexico across the United States' border

into California and Nevada and needed commercial auto liability coverage sufficient to cover

those operations as to its liability for third party bodily injury and property damage claims, as

required by the FMCSA and a condition to obtaining federal authority necessary to haul goods

for hire on an interstate basis.

47.     CAIC 's denials of the tender of the defense of the wrongful death and subrogation

suits have caused damage to GARNICAS.

48.     The damage suffered by GARNICAS arising from CAIC's wrongful denial is traceable

to CAIC's conduct and will be redressed by an order that CAIC retain defense counsel and settle

these matters within its already existing MCS-90 endorsement, which requires indemnification

of any judgment against Garnicas with limits of $1,000,000.00 per claim.

-14-

49.     Wherefore, GARNICAS prays for judgment against defendants, and each of them, as more fully set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GARNICAS TRANSPORT LLC , demands judgment against CAIC and Doe Defendants, and each of them, as follows:

**On the First Cause of Action:**

1.     For compensatory damages in an amount in excess of $1 million and according to proof;

2.     Special and incidental damages according to proof;

**On the Second Cause of Action:**

3.     For compensatory and general damages in excess of $1 million and according to proof;

4.     For attorneys' fees, according to proof;

**On the Third Cause of Action:**

5.     For compensatory and general damages in excess of $1 million and according to proof;

6.     For attorneys' fees, according to proof;

**On the Fourth Cause of Action:**

7.     For compensatory and general damages in excess of $1 million and according to proof;

8.     For attorneys' fees, according to proof;

///

**On All Causes of Action:**

9.     For injunctive relief in the form of an order finding that CAIC has a duty to defend and, under the MCS-90, indemnify any judgment, and to, therefore, reasonably resolve the pending suits prior to the waste of further litigation;

10.    For pre-judgment interest;

11.    For costs of suit; and

12.    Such other and further relief as the Court deems just and equitable under the circumstances.

Date:  June 28, 2021                          NorCal Logistics Lawyers Group, P.C.

                                              By: _____
                                                  Dominic G. Flamiano (Cal. SBN 142445)

                                              2575 Collier Canyon Road
                                              Livermore, CA 94551

                                              Tel: (415) 710-6765
                                              E-mail: dominic@domflamlaw.com

                                              Attorney for Plaintiffs
                                              GARNICAS TRANSPORT LLC and Samuel Gamero

 Seguros

# NON-RESIDENT COMMERCIAL AUTO POLICY

## AND MC ENTERPRISE CROSS BORDER OPERATION.

This is a commercial truck policy intended to cover Mexican and U.S. based trucking entities with cross border operations between the United States and Mexico with the purpose of transporting goods and materials between both countries.

Only trucking companies with MX and MC Enterprise registrations with USDOT are acceptable under this coverage form. This policy is sold exclusively to companies registered in Mexico or the United States of America. Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

This policy does not provide coverage to accidents that occur in Mexico or Canada.

Throughout this policy, the word "you" and "your" refer to the Named Insured shown in the Declarations or any endorsement and form issued as part of this policy. The words "we', "us" and "our" refers to the Insurance Company.

## SECTION I - COVERED AUTOS

### A. DESCRIPTION OF COVERED AUTO

This is a scheduled auto policy. Only those **autos** described under **ITEM TWO** of the Declarations, or on any endorsement of insurance issued as part of this policy for which a premium charge is shown and any **trailers** declared under **ITEM TWO** while attached to the insured **auto** are covered **autos.**

## SECTION II - LIABILITY COVERAGE

### A. COVERAGE

We will pay all sums an **Insured** legally must pay as damages because of **bodily** injury or **property damage** to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered **auto.**

We have the right and duty to defend any suit asking for these damages. However, we have no duty to defend suits for **bodily** Injury or **property damage** not covered by this insurance. We may investigate a settle any claim or **suit** as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements. We have no duty to defend if we are not notified of a suit by the insured.

### 1. WHO IS AN **INSURED**

The following are **Insureds:**

    a. You, your employees and any other person while using with your permission the covered auto scheduled in **ITEM TWO** of the Declarations, except the owner from whom you lease a covered auto.

*Exh. A*



**COMMERCIAL ALLIANCE INSURANCE COMPANY**
Underwritten by Green Road Insurance Services

**NON-RESIDENT COMMERCIAL AUTOMOBILE INSURANCE**
**SEGURO DE VEHICULO DE CARGA NO-RESIDENTE**

To report an accident or verify coverage
1-844-386-3118 / Desde México +1-713-401-9563
www.nhseguros.com

| POLICY NUMBER: | Effective Date / Inicio de Vigencia: | Expiration Date / Fin de Vigencia: | Term / Duración | Agent |
|---|---|---|---|---|
| **NHC0000843** | **16 Abr 2019 09:38 PST** | **04 Abr 2020 06:00 PST** | **12 meses** | **10701** |

NO COVERAGE IS PROVIDED IN MEXICO OR CANADA. NO HAY COBERTURA EN MEXICO O CANADA. NO COVERAGE PROVIDED TO VEHICLES HAULING ANY KIND OF HAZARDOUS MATERIAL PER 49 CFR OF THE USDOT.

**1. NAMED INSURED AND ADDRESS / NOMBRE Y DATOS DE ASEGURADO**

Full Name:
GARNICAS TRANSPORT LLC
DBA:
GARNICAS TRANSPORT LLC
Address (Street, Number, City, State and Zip Code):
2498 ROLL DR # 1838, SAN DIEGO, CALIFORNIA, US, 92154
Phone No.:                Email:
+52 (559) 631-0408        ventas@morrisseguros.com

**2. INSURED VEHICLE INFORMATION / VEHICULO ASEGURADO**

| Year: | Make: | Model: |
|---|---|---|
| 2010 | VOLVO TRUCK | VNL |
| Eco Number: | Plate: | VIN: |
| GS15 | 9F45306 | 4V4NC9TG5AN288388 |

TRAILER INFORMATION. Towed vehicle must be declared and additional premium will apply
EXCLUDED / EXCLUIDO

**3. SCHEDULE OF DRIVERS / DESCRIPCION DE CONDUCTORES**

Any driver between the ages of 21 and 70 years of age with a valid drivers license is covered by this policy of insurance. El seguro es válido para cualquier conductor entre 21 y 70 años que tenga licencia de conducir vigente.

**4. DESCRIPTON OF EXPOSURE**

Radius of Operation From Port of Entry / Radio de Operación desde el Puerto de Entrada    **0 - 250 Miles**    Port of Entry / Puerto de Entrada    **California & Arizona. All Ports**
Commodities Transported / Tipo de Carga: **Non-hazardous cargo , CERVEZA , VINO**

| **5a. COVERAGE / COBERTURA** | **5b. SUM INSURED / SUMA ASEGURADA** | **5c. PREMIUM / PRIMA** |
|---|---|---|
| Hazardous Material Coverage / Cobertura de Material Peligroso | HAZARDOUS CARGO IS EXCLUDED | EXCLUDED |
| Automobile Liability / Responsabilidad Civil Vehicular | 1,000,000 CSL | $ 3,021.39 |
| Medical Payments / Gastos Médicos Ocupantes | Bodily Injury $ 2,000.00 Per Person / $ 6,000.00 Per Accident | $ 0.00 |
| Physical Damage / Robo y Daños Materiales | ACV / 1,000 Ded | $ 465.50 |
| Motor Truck Cargo / Carga | 100,000 / 1,000 Ded | $ 956.85 |
| Trailer Interchange / Remolque Indistinto | 25,000 / 1,000 Ded | $ 219.96 |

| This policy provides only those coverages where included is shown. Each coverage will apply only to the listed vehicle. | POLICY FEE / DERECHO DE PÓLIZA | $ 10.00 |
|---|---|---|
| Esta póliza solo otorga las coberturas descritas donde se muestra "incluido" y solo al vehículo nombrado asegurado. | TOTAL | $ 4,832.08 |

A. The insurance afforded by this policy does not apply to any truck hauling hazardous materials according to 49 CFR of the USDOT, including but not limited to: explosives, poison gas, liquefied or compressed gas, radioactive materials, oil, petroleum, gasoline, hazardous waste, any public livery vehicle and all trans-immigrant vehicles. La cobertura que otorga esta póliza no aplica a ningún vehículo que transporte materiales peligrosos según el 49 CFR del USDOT, incluyendo pero no limitado a explosivos, gas venenoso, gas licuado o comprimido, material radioactivo, aceite, petróleo, gasolina, material de desperdicio, ni a cualquier vehículo de transporte público de pasajeros o vehículos transmigrantes.

B. There is no Coverage to unauthorized passengers. / No hay cobertura a pasajeros no autorizados.

C. Medical Expenses Coverage is subrogable against any third party recovery. / Gastos Médicos Ocupantes es subrogable de cualquier recuperación.

D. This policy complies with the Public Law 96-296 dated July 1, 1980 Sections 29 and 30 as amended by the Motor Safety Carrier Act of 1984. MCS-90 Form is attached.

Policy Form NH200 applies to this Policy, and sets terms and conditions of coverage. Once the Premium has been accepted by the Agent, this becomes your policy's Declaration Page. Obtain a copy of the Policy Form from your Agent or at www.nhseguros.com/terms. Las condiciones establecidas en la Forma NH200 aplican a esta póliza de seguro y establece los términos y condiciones de cobertura. Una vez que la prima ha sido aceptada por el agente, esta será la página de declaración de seguro. Adquiera una copia de las condiciones de la póliza con su agente o en www.nhseguros.com/terms

The portions of this document written in Spanish are equivalent to the English version and are for informational purposes only and not intended to alter or replace the insurance policy. Additionally, the Spanish translation is provided as a courtesy. In case of controversy, the English version will prevail.
La versión en inglés es la legal y oficial. Será utilizada para cualquier controversia, quejas o disputas.

Coverage provided by **COMMERCIAL ALLIANCE INSURANCE COMPANY NAIC #: 10906**
Underwritten by Green Road Insurance Services
1137 Key Street, HOUSTON, TX 77009, US, Ph:

X 10701                                              X                    07/03/2019
**Authorized Agent**            **Annual Binder**                **Insured's Signature and Date**

Exh B-1

**Medical Expenses / Gastos Medicos Ocupantes**
NHIC will pay reasonable and customary expenses incurred for necessary medical and funeral services because of bodily injury: caused by auto accident in the USA sustained by an insured person. We will pay only those expenses incurred within one year from the date of the accident. Please read carefully the terms and conditions of this coverage explained on policy form NH200 at www.nhseguros.com/terms or ask your agent for a copy to understand all covered and excluded items. This benefit is subrogable against any third party recovery. NHIC pagará hasta la suma contratada en caso de lesiones o muerte de los ocupantes del vehículo asegurado como consecuencia de un accidente automovilístico. Por favor lea cuidadosamente los términos y condiciones de estacobertura explicados en la forma NH200 disponible en www.nhseguros.com/terms para que identifique todas las coberturas y exclusiones. Este beneficio es subrogable contra cualquier recuperación de terceros.

**Inland Marine Cargo / Carga**
Inland Marine Cargo coverage is provided for this vehicle under this policy. Please read carefully the terms and conditions of this coverage explained in Form NH210 available at www.nhseguros.com/terms or ask your agent for a copy to understand all covered and excluded terms. Este vehículo cuenta con cobertura de daños a la carga. La cobertura esta sujeta a las condiciones descritas en la Forma NH210 disponible en www.nhseguros.com/terms o solicite una copia a su agente de seguros.

**Trailer Interchange / Remolque Indistinto**
Trailer Interchange coverage is provided for this vehicle under this policy. Please read carefully the terms and conditions of this coverage explained in Form NH220 available at www.nhseguros.com/terms or ask your agent for a copy to understand all covered and excluded terms. Este vehículo cuenta con cobertura de Remolque Indistinto. La cobertura esta sujeta a las condiciones descritas en la Forma NH220 disponible en www.nhseguros.com/terms o solicite una copia a su agente de seguros.

**Phisical Damage / Daños Materiales**
Comprehensive and Collision coverage is provided for this vehicle under this policy. Please read carefully the terms and conditions of this coverage explained in Form NH230 available at www.nhseguros.com/terms or ask your agent for a copy to understand all covered and excluded terms. Este vehículo cuenta con cobertura de Robo y Daños Materiales. La cobertura esta sujeta a las condiciones descritas en la Forma NH230 disponible en www.nhseguros.com/terms o solicite una copia a su agente de seguros.

Exh. B-2

Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980

# FORM MCS-90

| | | | |
|---|---|---|---|
| Issued to: | **GARNICAS TRANSPORT LLC** | Of: | **SAN DIEGO, CA, US** |
| Dated at: | **HOUSTON, TX** | This day: | **05 Jun 2019** |
| Amending Policy No: | **NHC0000843** | Effective Date: | **16 Abr 2019** |
| Vehicle: | **2010  VOLVO TRUCK  4V4NC9TG5AN288388** | Expiration Date: | **04 Abr 2020** |

Name of Insurance Company: **Commercial Alliance Insurance Company**
Telephone Number: (844) 386-3118

Countersigned by _____

**Authorized Company Representative**

The policy to which this endorsement is attached provides primary or excess insurance, as indicated by "X ", for the limits shown:
[X] This insurance is primary and the company shall not be liable for amounts in excess of **$ 1,000,000 CSL** for each accident.
[ ] This insurance is excess and the company shall not be liable for amounts in excess of $ _____ for each accident in excess of the underlying limit of $ _____ for each accident.

Whenever required by the Federal Motor Carrier Safety Administration (FMCSA), the company agrees to furnish the FMCSA a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FMCSA, to verify that the policy is in force as of a particular date. The telephone number to call is: (844) 386-3118.

Cancellation of this endorsement may be effected by the company of the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days notice to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the FMCSA's registration requirements under 49 U.S.C. 13901, by providing thirty (30) days notice to the FMCSA (said 30 days notice to commence from the date the notice is received by the FMCSA at its office in Washington, DC).

## DEFINITIONS AS USED IN THIS ENDORSEMENT

**ACCIDENT** includes continuous or repeated exposure to conditions or which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.
**MOTOR VEHICLE** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.
**BODILY INJURY** means injury to the body, sickness, or disease to any person, including death resulting from any of these.
**PROPERTY DAMAGE** means damage to or loss of use of tangible property.

**ENVIRONMENTAL RESTORATION** means restitution for the loss, damage, or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish, and wildlife.
**PUBLIC LIABILITY** means liability for bodily injury, property damage, and environmental restoration.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance requirements of or use of motor vehicles subject to the financial responsibility Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall

relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

## SCHEDULE OF LIMITS — PUBLIC LIABILITY

| Type of carriage | Commodity transported | January 1, 1985 |
|---|---|---|
| (1) For-hire (in interstate or foreign commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Property (nonhazardous) | $750,000 |
| (2) For-hire and Private (in interstate, foreign, or intrastate commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Hazardous substances, as defined in 49 CFR 171.8, transported in cargo tanks, portable tanks, or hopper type vehicles with capacities in excess of 3,500 water gallons; or in bulk Division 1.1, 1.2, and 1.3 materials, Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; in bulk Division 2.1 or 2.2; or highway route controlled quantities of a Class 7 material, as defined in 49 CFR 173.403. | $5,000,000 |
| 3) For-hire and Private (in interstate or foreign commerce, in any quantity; or in intrastate commerce, in bulk only; with a gross vehicle weight rating of 10,000 or more pounds). | Oil listed in 49 CFR 172.101; hazardous waste, hazardous materials, and hazardous substances defined in 49 CFR 171.8 and listed in 49 CFR 172.101, but not mentioned in (2) above or (4) below. | $1,000,000 |
| (4) For-hire and Private (In interstate or foreign commerce, with a gross vehicle weight rating of less than 10,000 pounds). | Any quantity of Division 1.1, 1.2, or 1.3 material; any quantity of a Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; or highway route controlled quantities of a Class 7 material as defined in 49 CFR 173.403. | $5,000,000 |

The schedule of limits shown does not provide coverage. The limits shown in the schedule are for information purposes only.

Exb B-3



**Custard Insurance Adjusters, Inc.**

September 30, 2019

ADDRESS REPLY TO:

Fax: 816-943-1149
E-mail: mhayden@custard.com

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Garnicas Transport LLC
2498 Roll Dr. #1838
San Diego, CA 92154

RE:    Insured:            Garnicas Transport LLC
       Date of loss:       July 3, 2019
       Policy:             NHC0000843
       Insured vehicle:    2010 Volvo VIN 4V4NC9TG5AN288388
       Claimant:           Dario Baez

Dear Garnicas Transport LLC:

Custard Insurance Adjusters handles claims on behalf of NH Seguros. I am the adjuster assigned to handle this claim. This letter provides the coverage position of NH Seguros.

<u>**NOTICE**</u>

On July 8, 2019 we received notice of a new claim occurring on July 3, 2019. It was reported that the driver of your vehicle, Jesus Valdez Apodaca was driving your 2010 Volvo, VIN: 4V4NC9TG5AN288388. While he was traveling on Highway 6 near the intersection of Highway 95 and Highway 6 in Tonopah, NV, he lost control of the 2010 Volvo. As a result, the vehicle overturned. Following the overturn of the 2010 Volvo, a 2017 Peterbilt driven by the claimant, Dario Baez, struck our overturned vehicle. As a result of the accident, Mr. Baez was fataly injured.

<u>**DENIAL**</u>

This letter will notify you that NH Seguros is disclaiming coverage for this loss under this policy of insurance. The policy requires your vehicle operate within a 250 mile radius of the port of entry in which the vehicle enters the United States your primary business address. We have verified that the vehicle being used at the time of the accident is a 2010 VOLVO VIN 4V4NC9TG5AN288388. This vehicle is listed as covered auto number 14 on your policy. The policy requires this vehicle operate within a 250 mile radius of the port of entry in which the vehicle enters the United States or your primary business address. The loss occurred on US HWY 6 in Nevada, outside of your designated redius. As a result, this loss would not be covered under this policy of insurance as it does not fall within the radius listed on the policy.

<u>**NH SEGUROS POLICY**</u>

*Exh C-1*

Garnicas Transport LLC
September 30, 2019
Page 2

NH Seguros issued Commercial Auto Policy NHC0000843 effective April 4, 2019 – April 4, 2020.. The policy has Autombile Liability Coverage for specifically described autos.

Please direct your attention to **COMMERCIAL PACKAGE POLICY MOTOR CARRIER FORM (NHF-008 12/2018)** which states in pertinent part:

**ITEM TWO: SHEDULE OF COVERAGES AND COVERED AUTOS**
This policy provides only those coverages where a charge is shown in the premium column below.  Each coverage will apply only to those "autos" shown as covered "autos," indicated by the entry of one or more symbols from the COVERED AUTO section of the Motor Carrier Coverage Form next to the name of each coverage,

### COMMERCIAL PACKAGE POLICY MOTOR CARRIER COVERAGE PART

**ITEM ONE:**

| Policy Number: | Policy Period: | Effective Date: | Expiration Date: |
|---|---|---|---|
| NHC0000843 | 12 months | 04 Apr 2019 | 04 Apr 2020 |

| Named Insured and Address:<br>GARNICAS TRANSPORT LLC<br>2498 ROLL DR # 1838, SAN DIEGO, CALIFORNIA, US, 92154 | Telephone:<br>+52 (659) 631-0408 | Agency:<br>10701 |
|---|---|---|

| Type of Business: | Type of Cargo Authorized: |
|---|---|
| Truck men | CERVEZA , VINO , ABARROTES , PRODUCE , ALUMINIO , MADERA , CARTON , PAPEL , TEXTIL , METAL ,<br>MERCANCIA EN GENERAL , AUTOPARTES PARA AUTOS |

**ITEM TWO: SCHEDULE OF COVERAGES AND COVERED AUTOS**
This policy provides only those coverages where a charge is shown in the premium column below. Each coverage will apply only to those "autos" shown as covered "autos", indicated by the entry of one or more symbols from the COVERED AUTO Section of the Motor Carrier Coverage Form next to the name of the coverage.

| COVERAGES / ENDORSEMENTS | COVERED AUTO | LIMIT<br>The Most We Will Pay For Any One | PREMIUM |
|---|---|---|---|
| Automobile Liability / Responsabilidad Civil Vehicular | Scheduled Autos | 1,000,000 CSL | $ 73,750.85 |
| Medical Payments / Gastos Médicos Ocupantes | Scheduled Autos | Bodily Injury $ 2,000.00 Per Person / $ 8,000.00 Per Accident | $ 0.00 |
| Physical Damage / Robo y Daños Materiales | Scheduled Autos | Stated Value or Actual Cash Value or Cost of Repair, whichever is less, minus the Deductible stated in the Schedule of Covered Autos for each covered auto, $1,000.000 maximum aggregate per occurrence. Towing and Storage sub-limit $5,000 per occurrence / $10,000 annual aggregate | $ 15,701.44 |
| Motor Truck Cargo / Carga | Scheduled Autos | $ 100,000.00 for each individual accident<br>$ 1,000.00 deductible<br>$ 500,000.00 maximum aggregate per occurrence | $ 15,773.70 |
| Trailer Interchange / Remolque Indistinto | Scheduled Autos | Actual Cash Value, Cost of Repair, or Whichever is Less, Minus Deductible For Each Covered Auto. | $ 3,016.44 |
| In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy. This policy consists of the following coverage parts for which a premium is indicated. This premium may be subject to adjustment. | | Premium | $ 108,242.43 |
| | | Policy Fee | $ 140.00 |
| | | Total Premium | $ 108,382.43 |

**ITEM FOUR: SCHEDULE OF COVERED AUTOS AND PREMIUM DETAIL**

| # | Type | #Econ., Year, Make & VIN | Declared Value | Radius (Miles) | Vehicle Coverages, Limits & Premium | | |
|---|---|---|---|---|---|---|---|
| 14 | Tractor | GS15, 2010, VOLVO TRUCK,<br>4V4NC9TG5AN288388 | 10000.00 | 0 - 250 | **Coverage** | **Limits** | **Premium** |
| | | | | | Automobile Liability | 1,000,000 CSL | $ 3,116.28 |
| | | | | | Medical Payments | Bodily Injury $ 2,000.00 Per Person / $ 8,000.00 Per Accident | $ 0.00 |
| | | | | | Physical Damage | ACV / 1,000 Ded | $ 500.00 |
| | | | | | Motor Truck Cargo | 100,000 / 1,000 Ded | $ 986.58 |
| | | | | | Trailer Interchange | 25,000 / 2,500 Ded | $ 215.46 |

\* \* \*

We draw your attention to the  **NON-RESIDENT COMMERCIAL AUTO POLICY (NHF200 (1/1/2017)**

This is a commercial truck policy intended to cover Mexican and U.S. based trucking entities with cross border operations between the United States and Mexico with the purpose of

*Exh C-2*

Escaneado con CamScanner

Garnicas Transport LLC
September 30, 2019
Page 3

transporting goods and materials between both countries. Only trucking companies with MX and MC Enterprise registrations with USDOT are acceptable under this coverage form. This policy is sold exclusively to companies registered in Mexico or the United States of America. Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. This policy does not provide coverage to accidents that occur in Mexico or Canada. Throughout this policy, the word "you" and "your" refer to the Named Insured shown in the Declarations or any endorsement and form issued as part of this policy. The words "we', "us" and "our" refers to the Insurance Company.

### SECTION II – LIABILITY COVERAGE

#### A.. COVERAGE

We will pay all sums an Insured legally must pay as damages because of bodily Injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto. We have the right and duty to defend any suit asking for these damages. However, we have no duty to defend suits for bodily injury or property damage not covered by this Coverage Form. We may investigate and settle any claim or suit as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements. We have no duty to defend if we are not notified of a suit by the insured.

#### 1. Who is an Insured

A. You, your employees and any other person while using with your permission the covered auto scheduled in ITEM TWO of the Declarations, except the owner from whom you lease a covered auto.

B. Anyone liable for the conduct of an Insured described above but only to the extent of that liability. However, the owner or anyone else from whom you lease or borrow a covered auto is an Insured only if that auto is a trailer connected to the covered auto scheduled under ITEM TWO.

### B. Exclusions

This insurance does not apply to any of the following:

1.  EXPECTED OR INTENDED INJURY
    Bodily Injury or property damage expected or intended from the standpoint of the Insured.

2.  Liability assumed under any contract *or* agreement.

3.  WORKERS COMPENSATION
    Any oblication for which the Insured or the Insured's insurer may be held liable under any worker's compensation, disability benefits or unemployment compensation law or any similar law.

6.  CARE. CUSTODY OR CONTROL
    Property damage to property owned or transported by the Insured or in the Insured's care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

ExhC-3

Escaneado con CamScanner

Garnicas Transport LLC
September 30, 2019
Page 4

25. Occupant Hazard exclusion. This insurance does not apply to bodily injury to any person while occupying a covered auto. Occupying means in, upon, getting in, on, out, or off. If we are required by law to pay for such loss, you will be reimburse us for any and all loss, costs, and expenses paid or incurred by us.

26. PUNITIVE DAMAGES. This policy does not cover fines, penalties, damages multipled by operation of law, or punitive or exemplary damges. This exclusion applies regardless of whether the damages are based upon the insured's conduct or the conduct of some other party for whom the insured may be legally responsible. If the exclusion of punitive or exemplary damages is not permitted by the law of the state in which a claim for punitive or exemplary damages is brought, then this exclusion shall limit those damages to the extent permitted by law. In no evant shall the total of compensatory and punitive or exemplary damges be payable in excess of the limit of insurance provided herein.

## SECTION VI- TRAILER INTERCHANGE

### A. COVERAGE
1. We will pay all sums you legally must pay as damages because of loss to a trailer in your possession under a written trailer or equipment interchange agreement. Only those trailers you do not own while in your possession under a written trailer or equipment interchange agreement in which you assume liability for loss to the trailers while in your possession.

   a. Comprehensive Coverage. From any cause except:
      (1) The trailer's collision with another object; or
      (2) The trailer's overturn.

   b. Specified Causes of Loss Coverage. Caused by:
      (1) Fire, lightning or explosion;
      (2) Theft;
      (3) Windstorm, hail or earthquake;
      (4) Flood;
      (5) Mischief or vandalism; or
      (6) The sinking, burning, collision or derailment of any conveyance transporting the trailer.

   c. Collision Coverage. Caused by:
      (1) The trailer's collision with another object; or
      (2) The trailer's overturn.

2. We have the right and duty to defend any suit asking for these damages. However, we have no duty to defend suits for loss not covered by this Coverage Form. We may investigate and settle any claim or suit as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. COVERAGE EXTENSIONS
   Supplementary Payments. In addition to the Limit of Insurance, we will pay for you:
   a. All expenses we incur.

   b. The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

*Exh C-4*

Garnicas Transport LLC
September 30, 2019
Page 5

    c. All reasonable expenses incurred at our request, including actual loss of earnings up to
       $100 a day because of time off from work.

    d. All costs taxed against the Insured in any suit we defend.

    e. All interest on the full amount of any judgment that accrues after entry of the judgment;
       but our duty to pay interest ends when we have paid, offered to pay, or deposited in
       court the part of the judgment that is within our Limit of Insurance.

**B. EXCLUSION**
    2. We will not pay loss of use.

    3. Other exclusions.
       We will not pay for loss caused by or resulting from any of the following unless
       caused by other loss that is covered by this insurance.
       a.  Wear and tear, freezing, mechanical or electrical breakdown.
       b.  Blowouts, punctures or other road damges to tires.

**C. LIMIT OF INSURANCE AND DEDUCTIBLE**
The most we will pay for loss to any one trailer is the least of the following amounts minus
any applicable deductible shown in the Declarations:
    1. The actual cash value of the damaged or stolen property at the time of the loss.
    2. The cost of repairing or replacing the damaged or stolen property with other property
       of like kind and quality.
    3. The Limit of Insurance shown in the Declarations.

**SECTION VII- PHYSICAL DAMAGE COVERAGE**

**A. COVERAGE**
1. We will pay for loss to a covered auto or its equipment under:
    c. Collision Coverage. Caused by:
       (1) The covered auto's collision with another object; or
       (2) The covered auto's overturn.

2. Towing - Commercial Autos.
    We will pay up to the limits shown below for towing, storage and labor costs incurred as
    a result of an accident to which this insurance applies involving a covered auto other
    than a "private passenger type". However, we will only pay for towing by a qualified
    towing service for the cost to the nearest repair facility capable of making the necessary
    repairs, unless we agree with you in advance to tow to another repair facility.
    Additionally, we will only pay for labor performed at the place of disablement and for
    storage required to complete the necessary repairs.
       a. Towing: $5,000 any one unit per occurrence. The most we will pay in any one
       policy year for Towing Coverage after all losses is $10,000.
       b. Storage: For every single event, storage is limited up to a maximum of 10 days
       from the initial storage date.

**B. Exclusion**
    3. Other Exclusions We will not pay for loss caused by or resulting from any of the
       following unless caused by other loss that is covered by this insurance:
       a. Wear and tear, freezing, mechanical or electrical breakdown.

Exh C-5

Escaneado con CamScanner

Garnicas Transport LLC
September 30, 2019
Page 6

    b. Blowouts, punctures or other road damage to tires.
    c. Diminution in value.

**C. LIMITS OF INSURANCE**
The most we will pay for loss in any one accident is the smallest of the following amounts:
1. The amount stated in the declarations of the policy.

2. The actual cash value of the damaged or stolen property at the time of loss; or

3. The cost of repairing or replacing the damaged or stolen property with other of like kind and quality. However, the most we will pay for stereos, radios, tape decks or other sound reproducing equipment (excluding citizens band radio, two-way mobile radio or telephone or scanning monitor receiver) is $1,000.

**D. DEDUCTIBLE**
1. For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations.

2. At the mutual agreement of you and us, we will not apply the deductible to loss to glass, if the glass is repaired rather than replaced.

3. The applicable Deductible for any collision or overturn loss which occurs during loading,unloading, or dumping operations shall be two times the amount shown in the Policy Declarations for collision (including overturn).


**SECTION VIII – CONDITIONS:**
The following conditions apply in addition to the Common Policy Conditions:

**A. LOSS CONDITIONS**
While a covered auto is in use in any state of the United States we will:
(1) Increase the Limit of Insurance for Liability Coverage to meet the limit or limits specified by a compulsory or financial responsibility law in the jurisdiction where the covered auto is being used.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered auto is being used. We will not pay anyone more than once for the same elements of loss because of these extensions.

1.    DUTIES IN THE EVEN OF ACCIDENT, CLAIM, SUIT OR LOSS
    A. In the event of accident, claim suit or loss, you must give us or our authorized representative prompt notice of the accident or loss.  Such notice must include
        1) How, when and where the accident or loss occurred;
        2) The Insured's name and address; and
        3) To the extent possible, the names and addresses of any injured persons and witnesses.

    B. Additionally, you and any other involved insured must:

*Exh C-6*

Escaneado con CamScanner

Garnicas Transport LLC
September 30, 2019
Page 7

    1) Assume no obligation, make no payment or incur no expense without our consent, except at the insured's own cost.
    2) Immediately send us copies of any demand, notice, summons or legal paper received concerning the claim or suit.
    3) Cooperate with us in the investigation, settlement or defense of the claim or suit.

2.    LEGAL ACTION AGAINST US
No one may bring a legal action against us under this insurance until:
a. There has been full compliance with all the terms of this insurance; and
b. Under Liability Coverage, we agree in writing that the Insured has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the insured's liability.

\* \* \*

We draw your attention to the **Limited Radius of Operation Endorsement (NHF-107 (09 2017))** which states:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

LIMITED RADIUS OF OPERATION ENDORSEMENT
This form modifies insurance provided under the following:
Non Resident Commercial Auto Policy
Truckers Commercial Form
Commercial General Liability Form
Motor Truck Cargo Coverage Form
Excess Auto Liability Coverage Form

"Radius of Operations" means the distance shown in the Commercial Vehicle Insurance Declarations Page for each covered "auto", measured from:
    1. your primary business address, or
    2. from the location where your covered "auto" is principally garaged, or
    3. from terminal locations leased, owned or rented by you that coverage is afforded under this policy, or
    4. If the covered "auto" is coming from Mexico, the port of entry used to enter the United States.

To a point in the United States where the covered "auto" is located.

We will not pay for any claim arising from an "accident" or "loss" which occurs beyond the Radius of Operation shown in the Declarations page of this policy. There is no coverage to any "accident" or "loss" in Mexico or Canada.

\* \* \*

Based on our investigating, the loss that occurred on July 3, 2019 on HWY 6 west of Tonopah, NV involving your 2010 Volvo, VIN: 4V4NC9TG5AN288388 occurred ourside of the 250 mile radius from your business or port of entry. Please be advised that your insurance policy carries a Limited Radius of Operation Endorsement. The limited radius on the 2010 Volvo, VIN: 4V4NC9TG5AN288388 under your policy is 250 miles. The

Ex4 C-7

Escaneado con CamScanner

Garnicas Transport LLC
September 30, 2019
Page 8

endorsement states that there is no coverage under the policy for any claim arising from a loss that occurs beyond the Radius of Operation shown in the Declaration page of your policy. As this loss occurred outside of the 250 mile radius, there is no coverage for this loss under this policy of insurance.

Please note, the above cited policy language is not intended to be all-inclusive. We have raised all policy defenses of which we are presently aware. We reserve the right to assert any other policy defenses which may now exist or which may come into existence at a later time. Our failure to raise any existing policy defenses at this time, if any, may not be considered as a waiver of any of those rights. If you disagree with our findings or have additional information to share please contact the undersigned promptly.

NH Seguros is committed to the prompt and fair handling of all claims for coverage. If you believe that our position is incorrect or constitutes a wrongful denial, reservation of rights or rejection of this claim, you may have the matter reviewed by the Nevada Department of Insurance. Their contact information is listed below:

Nevada Department of Insurance
3300 W. Sahara Ave., Suite 275
Las Vegas, Nevada 89102
Phone: 800-236-8517

If you have any questions or comments concerning the contents of this letter, or wish to provide additional information to present us for our consideration, please contact me as soon as possible. Thank you.

Sincerely,

Mitchell Hayden
Claims Supervisor
Custard Insurance Adjusters
Telephone: 816-943-1779 ext. 1205
E-mail: mhayden@custard.com

Exh-C-8